**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,** | Civil Action No. 2:15-cv-288 |
| **Plaintiffs,** | Hon. Rodney Gilstrap |
| **v.** | DEMAND FOR JURY TRIAL |
| **APPLE INC.,** | |
| **Defendant.** | |

**APPLE'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO ERICSSON'S FIRST AMENDED COMPLAINT**

Defendant Apple Inc. ("Apple") files this Answer, Affirmative Defenses, and Counterclaims ("Answer") to Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson's (collectively, "Ericsson") First Amended Complaint for Patent Infringement ("First Amended Complaint"). Except as expressly admitted below, Apple denies each and every allegation set forth in the First Amended Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Apple responds to the numbered paragraphs of the First Amended Complaint and the prayer for relief as follows:

**NATURE OF THE ACTION[1]**

1.     Apple denies that it, or any of its products, infringes any valid and enforceable

---

[1] For ease of reference, Apple repeats the headings set forth in the First Amended Complaint in order to simplify comparison of the First Amended Complaint and this Answer; however, by doing so, Apple makes no admissions regarding the substance of the heading or any other allegations of the First Amended Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

claim of any patents asserted by Ericsson in this lawsuit. Apple further denies that any of Ericsson's patents or alleged innovations are utilized by Apple, and therefore denies that Ericsson's alleged inventions enable Apple's product sales or product development in any manner. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the First Amended Complaint, and therefore denies them.

2.      Apple denies that any of its products rely on any Ericsson patent or alleged innovation. Apple denies that the patents at issue in this lawsuit are critical to the design, manufacture, or success of Apple's products. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint, and therefore denies them.

3.      Apple admits that Bluetooth is a wireless technology for exchanging data over short distances using radio waves. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the First Amended Complaint, and therefore denies them.

## THE PARTIES

4.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the First Amended Complaint, and therefore denies them.

5.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint, and therefore denies them.

6.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the First Amended Complaint, and therefore denies them.

7.      Apple denies that the accused Apple products are "beneficiaries of Ericsson's

fundamental technologies," and also denies the allegations in Paragraph 7 of the First Amended Complaint to the extent that they allege that the iPhone infringes any Ericsson intellectual property.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies them.

8.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint, and therefore denies them.

9.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint, and therefore denies them.

10.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint, and therefore denies them.

11.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the First Amended Complaint, and therefore denies them.

12.     Apple admits that it is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.  Apple admits that it designs, sells, and offers for sale in the United States, and imports into the United States, mobile computing devices including smartphones and tablets. Apple admits that its products further include computers, digital media players, and headphones. Apple admits that its products are marketed, offered for sale, and sold throughout the United States, including within this District.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the First Amended Complaint, and therefore denies them.

## JURISDICTION AND VENUE

13.     Apple admits that the First Amended Complaint purports to set forth a claim for

patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Ericsson's claim has merit.  Apple admits that this Court has subject matter jurisdiction over patent infringement suits under 28 U.S.C. §§ 1331 and 1338.  Apple admits that venue is proper in this District, but denies that venue in this District is convenient or in the interest of justice under 28 U.S.C. § 1404(a).

14.     For purposes of this action, Apple admits that the Eastern District of Texas has personal jurisdiction over Apple for certain reasons, but Apple denies that it or its accused products infringe any valid and enforceable claim under any asserted theory.  Apple admits that it has sold products and engaged in communications in the State of Texas, has a registered agent in the State of Texas, and is registered to do business there and has been both a plaintiff and defendant in litigation in the State of Texas.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the First Amended Complaint, and therefore denies them.

## THE ASSERTED PATENTS

15.     Apple admits that U.S. Patent No. 6,006,081 ("the '081 patent") is titled "Communications Receivers," was issued on December 21, 1999, and lists on its face Paul A. Moore as inventor.  Apple further admits that what appears to be a copy of the '081 patent is attached as Exhibit 1 to the First Amended Complaint.  Apple denies that the '081 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the First Amended Complaint, and therefore denies them.

16.     Apple admits that U.S. Patent No. 6,037,798 ("the '798 patent") is titled "Line Receiver Circuit Having Termination Impedances with Transmission Gates Connected in

Parallel," was issued on March 14, 2000, and lists on its face Mats Hedberg as inventor.  Apple further admits that what appears to be a copy of the '798 patent is attached as Exhibit 2 to the First Amended Complaint.  Apple denies that the '798 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the First Amended Complaint, and therefore denies them.

17.     Apple admits that U.S. Patent No. 6,100,770 ("the '770 patent") is titled "MIS Transistor Varactor Device and Oscillator Using Same," was issued on March 19, 2002, and lists on its face Andrej Litwin and Sven Erik Mattisson as inventors.  Apple further admits that what appears to be a copy of the '770 patent is attached as Exhibit 3 to the First Amended Complaint.  Apple denies that the '770 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the First Amended Complaint, and therefore denies them.

18.     Apple admits that U.S. Patent No. 6,597,787 ("the '787 patent") is titled "Echo Cancellation Device For Cancelling Echos in a Transceiver Unit," was issued on July 22, 2003, and lists on its face Ulf Lindgren, Mohan Misra, and John Philipsson as inventors.  Apple admits that a Certificate of Correction for the '787 patent bearing the date November 25, 2003 appears to be appended to the '787 patent.  Apple further admits that what appears to be a copy of the '787 patent is attached as Exhibit 4 to the First Amended Complaint.  Apple denies that the '787 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the First Amended Complaint, and therefore denies them.

19.     Apple admits that U.S. Patent No. 7,151,430 ("the '430 patent") is titled "Method of and Inductor Layout for Reduced VCO Coupling," was issued on December 19, 2006, and

lists on its face Thomas Mattsson as inventor.  Apple admits that a Certificate of Correction for the '430 patent bearing the date December 18, 2007 appears to be appended to the '430 patent. Apple further admits that what appears to be a copy of the '430 patent is attached as Exhibit 5 to the First Amended Complaint.  Apple denies that the '430 patent was duly and legally issued. Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the First Amended Complaint, and therefore denies them.

20.      Apple admits that U.S. Patent No. 7,580,683 ("the '683 patent") is titled "Radio Transceiver on a Chip," was issued on August 25, 2009, and lists on its face Karl Håkan Torbjörn Gärdenfors, Sven Mattisson, and Jacobus Cornelis Haartsen as inventors.  Apple admits that a Certificate of Correction for the '683 patent bearing the date May 18, 2010 appears to be appended to the '683 patent.  Apple further admits that what appears to be a copy of the '683 patent is attached as Exhibit 6 to the First Amended Complaint.  Apple denies that the '683 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the First Amended Complaint, and therefore denies them.

21.      Apple admits that U.S. Patent No. 8,626,086 ("the '086 patent") is titled "Radio Transceiver on a Chip," was issued on March 19, 2002, and lists on its face Karl Håkan Torbjörn Gärdenfors, Sven Mattisson, and Jacobus Cornelis Haartsen as inventors.  Apple admits that a Certificate of Correction for the '086 patent bearing the date July 8, 2014 appears to be appended to the '086 patent.  Apple further admits that what appears to be a copy of the '086 patent is attached as Exhibit 7 to the First Amended Complaint.  Apple denies that the '086 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 of the First Amended Complaint, and

therefore denies them.

22.     Apple's Answer refers to the '081, '798, '770, '787, '430, '683, and '086 patents collectively as the "Patents-in-Suit."   Apple admits that Ericsson purports to define the term "Ericsson Patents-In-Suit" as being the Patents-in-Suit.   Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 of the First Amended Complaint, and therefore denies them.

23.     Apple denies that it infringes any valid and enforceable claim of any Patent-in-Suit.   Apple admits that it does not currently have an express license from Ericsson to the Patents-in-Suit.   Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the First Amended Complaint, and therefore denies them.

24.     Apple denies that the Patents-in-Suit are valid or enforceable.

25.     Apple denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     Apple admits that Ericsson purports to accuse Apple products with 2G, 3G, 4G, LTE cellular, WiFi, or Bluetooth capabilities, including Apple's iPhone, iPad, iPod Touch, Apple TV 3G, iMac, Mac, MacBook, and Apple Watch products, of infringement.   Apple admits that certain of its iPhone, iPad, iPod Touch, Apple TV 3G, iMac, Mac, MacBook, and Apple Watch products support 2G, 3G, 4G, LTE cellular communication, WiFi, or Bluetooth capabilities but denies that all such products possess all such capabilities.   Apple denies the remaining allegations in Paragraph 26 of the First Amended Complaint, including that it infringes any valid and enforceable claim of any Patent-in-Suit.

27.     Apple admits that it transacts business in the United States and in this District, but Apple denies that Apple's accused products infringe any of the asserted claims under any

asserted theory.  Apple denies the rest of the allegations of Paragraph 27 of the First Amended Complaint.

## GENERAL ALLEGATIONS

28.     Apple denies the allegations in Paragraph 28 of the First Amended Complaint.

29.     Apple denies that it, or any of its products, infringes any of the Patents-in-Suit. Apple admits that it does business in the United States and in this District.  Apple further admits that it sold or offered to sell in this District and elsewhere in the United States, and imported into the United States, the following products:  iPhone 6 Plus, iPhone 6, iPhone 5, iPhone 5s, iPhone 5c, iPad Air 2, iPad Air, iPad mini 3, iPad mini 2, iPad mini, Thunderbolt Cable, iPod Touch 5G, Apple TV 3G, iMac computers, Mac computers, MacBook computers, and Apple Watch.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint regarding products vaguely referred to by Ericsson as "iPhone Accessories," "iPad Accessories," and "Apple products with 2G, 3G, 4G, or LTE cellular capabilities, WiFi capabilities, Bluetooth capabilities, and other wireless and wired communication capabilities" in its defined term "Apple Accused Products," and therefore denies the allegations in Paragraph 29 of the First Amended Complaint that relate to those products.

## COUNT I.

## CLAIM FOR PATENT INFRINGEMENT OF THE '081 PATENT

30.     Apple incorporates by reference Paragraphs 1-29 above.  Apple denies the allegations in Paragraph 30 of the First Amended Complaint.

31.     Apple denies the allegations in Paragraph 31 of the First Amended Complaint.

32.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of Ericsson's initial complaint on March 2,

2015, and with the First Amended Complaint on May 18, 2015, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 32 of the First Amended Complaint.

33.     Apple denies the allegations in Paragraph 33 of the First Amended Complaint.

34.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 34 of the First Amended Complaint.

35.     Apple denies the allegations in Paragraph 35 of the First Amended Complaint.

36.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 36 of the First Amended Complaint.

37.     Apple denies the allegations in Paragraph 37 of the First Amended Complaint.

**COUNT II.**

**CLAIM FOR PATENT INFRINGEMENT OF THE '798 PATENT**

38.     Apple incorporates by reference Paragraphs 1-37 above.   Apple denies the allegations in Paragraph 38 of the First Amended Complaint.

39.     Apple denies the allegations in Paragraph 39 of the First Amended Complaint.

40.     Apple admits that it has had discussions with Ericsson about Ericsson's overall

patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 40 of the First Amended Complaint.

41.     Apple denies the allegations in Paragraph 41 of the First Amended Complaint.

42.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 42 of the First Amended Complaint.

43.     Apple denies the allegations in Paragraph 43 of the First Amended Complaint.

44.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 44 of the First Amended Complaint.

45.     Apple denies the allegations in Paragraph 45 of the First Amended Complaint.

## COUNT III.

## CLAIM FOR PATENT INFRINGEMENT OF THE '770 PATENT

46.     Apple incorporates by reference Paragraphs 1-45 above.   Apple denies the allegations in Paragraph 46 of the First Amended Complaint.

47.     Apple denies the allegations in Paragraph 47 of the First Amended Complaint.

48.     Apple admits that it has had discussions with Ericsson about Ericsson's overall

patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 48 of the First Amended Complaint.

49.     Apple denies the allegations in Paragraph 49 of the First Amended Complaint.

50.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 50 of the First Amended Complaint.

51.     Apple denies the allegations in Paragraph 51 of the First Amended Complaint.

52.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 52 of the First Amended Complaint.

53.     Apple denies the allegations in Paragraph 53 of the First Amended Complaint.

## COUNT IV.

## CLAIM FOR PATENT INFRINGEMENT OF THE '787 PATENT

54.     Apple incorporates by reference Paragraphs 1-53 above.   Apple denies the allegations in Paragraph 54 of the First Amended Complaint.

55.     Apple denies the allegations in Paragraph 55 of the First Amended Complaint.

56.     Apple admits that it has had discussions with Ericsson about Ericsson's overall

patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 56 of the First Amended Complaint.

57.     Apple denies the allegations in Paragraph 57 of the First Amended Complaint.

58.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 58 of the First Amended Complaint.

59.     Apple denies the allegations in Paragraph 59 of the First Amended Complaint.

60.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 60 of the First Amended Complaint.

61.     Apple denies the allegations in Paragraph 61 of the First Amended Complaint.

## COUNT V.

## CLAIM FOR PATENT INFRINGEMENT OF THE '430 PATENT

62.     Apple incorporates by reference Paragraphs 1-61 above.   Apple denies the allegations in Paragraph 62 of the First Amended Complaint.

63.     Apple denies the allegations in Paragraph 63 of the First Amended Complaint.

64.     Apple admits that it has had discussions with Ericsson about Ericsson's overall

patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 64 of the First Amended Complaint.

65.     Apple denies the allegations in Paragraph 65 of the First Amended Complaint.

66.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 66 of the First Amended Complaint.

67.     Apple denies the allegations in Paragraph 67 of the First Amended Complaint.

68.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 68 of the First Amended Complaint.

69.     Apple denies the allegations in Paragraph 69 of the First Amended Complaint.

## COUNT VI.

## CLAIM FOR PATENT INFRINGEMENT OF THE '683 PATENT

70.     Apple incorporates by reference Paragraphs 1-69 above.   Apple denies the allegations in Paragraph 70 of the First Amended Complaint.

71.     Apple denies the allegations in Paragraph 71 of the First Amended Complaint.

72.     Apple admits that it has had discussions with Ericsson about Ericsson's overall

patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 72 of the First Amended Complaint.

73.     Apple denies the allegations in Paragraph 73 of the First Amended Complaint.

74.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 74 of the First Amended Complaint.

75.     Apple denies the allegations in Paragraph 75 of the First Amended Complaint.

76.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 76 of the First Amended Complaint.

77.     Apple denies the allegations in Paragraph 77 of the First Amended Complaint.

## COUNT VII.

## CLAIM FOR PATENT INFRINGEMENT OF THE '086 PATENT

78.     Apple incorporates by reference Paragraphs 1-77 above.   Apple denies the allegations in Paragraph 78 of the First Amended Complaint.

79.     Apple denies the allegations in Paragraph 79 of the First Amended Complaint.

80.     Apple admits that it has had discussions with Ericsson about Ericsson's overall

patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 80 of the First Amended Complaint.

81.     Apple denies the allegations in Paragraph 81 of the First Amended Complaint.

82.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 82 of the First Amended Complaint.

83.     Apple denies the allegations in Paragraph 83 of the First Amended Complaint.

84.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 84 of the First Amended Complaint.

85.     Apple denies the allegations in Paragraph 85 of the First Amended Complaint.

## DAMAGES

86.     Apple denies the allegations in Paragraph 86 of the First Amended Complaint.

## ATTORNEY'S FEES

87.     Apple denies that any of Ericsson's claims have merit and denies that Ericsson is entitled to any attorneys' fees in this action.  Apple denies the rest of the allegations in Paragraph 87 of the First Amended Complaint.

## JURY DEMAND

88.     In accordance with Fed. R. Civ. P. 38(b), Apple demands a trial by jury on all issues so triable.

## RESPONSE TO ERICSSON'S PRAYER FOR RELIEF

89.     Apple denies that Ericsson is entitled to any relief in this action, as requested or otherwise.

## APPLE'S AFFIRMATIVE DEFENSES

90.     Apple reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.   Subject to that limitation, Apple asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Ericsson.

## FIRST AFFIRMATIVE DEFENSE

91.     Ericsson's First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

92.     One or more claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

93.     Apple has not directly infringed (whether literally or under the doctrine of equivalents), has not induced or contributed to infringement of, does not directly infringe (whether literally or under the doctrine of equivalents), and does not induce or contribute to infringement of any claim of the Patents-in-Suit that may be valid and enforceable.

## FOURTH AFFIRMATIVE DEFENSE

94.     Ericsson's claims are barred in whole or in part by prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE

95.     Ericsson's claims for alleged damages or costs are statutorily limited by 35 U.S.C. §§ 286, 287, and 288 and by 28 U.S.C. § 1498.

## SIXTH AFFIRMATIVE DEFENSE

96.     Ericsson is not entitled to injunctive relief at least because any injury to Ericsson is not immediate or irreparable, and Ericsson has an adequate remedy at law for its allegations.

## SEVENTH AFFIRMATIVE DEFENSE

97.     Ericsson's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, laches, waiver, estoppel, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

98.     Ericsson's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or a license to the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE

99.     On information and belief, Ericsson lacks standing to bring this action against Apple at least because it lacks ownership of the Patents-in-Suit.  Upon information and belief, Plaintiff Ericsson, Inc. is not an owner or assignee of any of the Patents-in-Suit.

## APPLE'S COUNTERCLAIMS

1.     Apple incorporates by reference its above responses as if fully set forth herein.  In accordance with Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following counterclaims against Ericsson:

2.     Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      Based on the assertions in Paragraph 10 of Ericsson's First Amended Complaint, Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

4.      Based on the assertions in Paragraph 11 of Ericsson's First Amended Complaint, Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6.      This Court has personal jurisdiction over Ericsson because, among other things, it has availed itself of the Court's jurisdiction by filing the First Amended Complaint.

7.      Venue is proper within this district under 28 U.S.C. §§ 1391(b) and (c). However, venue in this district is not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

## **BACKGROUND**

8.      Apple revolutionized the telecommunications industry in 2007 when it introduced the groundbreaking iPhone, a product that dramatically changed the way people view mobile phones.  Reviewers, analysts, and consumers immediately recognized the iPhone as a "game changer."  In one small and lightweight handheld device, the iPhone offered a color multi-touch screen, distinctive user-interface, music storage and playback, a mobile computing platform for handheld applications, and full access to the Internet, as well as typical mobile phone functions, all packaged in an eye-catching design that remains widely acclaimed today.

9.      Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an

elegantly designed computer tablet with a color touch screen, a user interface reminiscent of the iPhone's user interface, and robust functionality that spans both mobile computing and media storage and playback.  Because of its innovative technology and distinctive design, the iPad achieved instant success.

10.     Behind the success of Apple's iPhone and iPad products, as well as its successful and critically acclaimed line of mobile computers, the Apple Watch, and applications, are countless instances of creative achievement, technical innovation, and astute business judgment by Apple employees.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '081 PATENT

11.     Apple repeats and realleges paragraphs 1-10 above.

12.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '081 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

13.     An actual controversy exists between Ericsson and Apple as to whether the '081 patent is not infringed by Apple.

14.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '081 patent.

15.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '081 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '081 PATENT

16.     Apple repeats and realleges paragraphs 1-10 above.

17.     In accusing Apple of infringing the '081 patent, Ericsson has taken the position that the claims of the '081 patent are valid.

18.     None of the claims of the '081 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

19.     An actual controversy exists between Ericsson and Apple as to whether the '081 patent is invalid.

20.     A judicial declaration is necessary and appropriate so that Apple may ascertain whether the '081 patent is invalid and/or unenforceable.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '798 PATENT

21.     Apple repeats and realleges paragraphs 1-10 above.

22.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '798 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

23.     An actual controversy exists between Ericsson and Apple as to whether the '798 patent is not infringed by Apple.

24.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '798 patent.

25.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '798 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '798 PATENT

26.     Apple repeats and realleges paragraphs 1-10 above.

27.     In accusing Apple of infringing the '798 patent, Ericsson has taken the position that the claims of the '798 patent are valid.

28.     None of the claims of the '798 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

29.     An actual controversy exists between Ericsson and Apple as to whether the '798 patent is invalid.

30.     A judicial declaration is necessary and appropriate so that Apple may ascertain whether the '798 patent is invalid and/or unenforceable.

**FIFTH COUNTERCLAIM**

**<u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '770 PATENT</u>**

31.     Apple repeats and realleges paragraphs 1-10 above.

32.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '770 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

33.     An actual controversy exists between Ericsson and Apple as to whether the '770 patent is not infringed by Apple.

34.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '770 patent.

35.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '770 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

**SIXTH COUNTERCLAIM**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '770 PATENT**

36.     Apple repeats and realleges paragraphs 1-10 above.

37.     In accusing Apple of infringing the '770 patent, Ericsson has taken the position that the claims of the '770 patent are valid.

38.     None of the claims of the '770 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

39.     An actual controversy exists between Ericsson and Apple as to whether the '770 patent is invalid.

40.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '770 patent is invalid and/or unenforceable.

**SEVENTH COUNTERCLAIM**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '787 PATENT**

41.     Apple repeats and realleges paragraphs 1-10 above.

42.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '787 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

43.     An actual controversy exists between Ericsson and Apple as to whether the '787 patent is not infringed by Apple.

44.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '787 patent.

45.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '787 patent directly, indirectly, contributorily or by inducement, either literally or under the

doctrine of equivalents.

## EIGHTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '787 PATENT

46.     Apple repeats and realleges paragraphs 1-10 above.

47.     In accusing Apple of infringing the '787 patent, Ericsson has taken the position that the claims of the '787 patent are valid.

48.     None of the claims of the '787 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

49.     An actual controversy exists between Ericsson and Apple as to whether the '787 patent is invalid.

50.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '787 patent is invalid and/or unenforceable.

## NINTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '430 PATENT

51.     Apple repeats and realleges paragraphs 1-10 above.

52.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '430 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

53.     An actual controversy exists between Ericsson and Apple as to whether the '430 patent is not infringed by Apple.

54.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '430 patent.

55.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of

the '430 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## TENTH COUNTERCLAIM

## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '430 PATENT</u>

56.     Apple repeats and realleges paragraphs 1-10 above.

57.     In accusing Apple of infringing the '430 patent, Ericsson has taken the position that the claims of the '430 patent are valid.

58.     None of the claims of the '430 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

59.     An actual controversy exists between Ericsson and Apple as to whether the '430 patent is invalid.

60.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '430 patent is invalid and/or unenforceable.

## ELEVENTH COUNTERCLAIM

## <u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '683 PATENT</u>

61.     Apple repeats and realleges paragraphs 1-10 above.

62.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '683 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

63.     An actual controversy exists between Ericsson and Apple as to whether the '683 patent is not infringed by Apple.

64.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '683 patent.

65.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '683 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## TWELFTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '683 PATENT

66.     Apple repeats and realleges paragraphs 1-10 above.

67.     In accusing Apple of infringing the '683 patent, Ericsson has taken the position that the claims of the '683 patent are valid.

68.     None of the claims of the '683 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

69.     An actual controversy exists between Ericsson and Apple as to whether the '683 patent is invalid.

70.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '683 patent is invalid and/or unenforceable.

## THIRTEENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '086 PATENT

71.     Apple repeats and realleges paragraphs 1-10 above.

72.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '086 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

73.     An actual controversy exists between Ericsson and Apple as to whether the '086 patent is not infringed by Apple.

74.     A judicial declaration is necessary and appropriate so that Apple may ascertain its

*rights with respect to the '086 patent.*

75. Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '086 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## FOURTEENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '086 PATENT

76. Apple repeats and realleges paragraphs 1-10 above.

77. In accusing Apple of infringing the '086 patent, Ericsson has taken the position that the claims of the '086 patent are valid.

78. None of the claims of the '086 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

79. An actual controversy exists between Ericsson and Apple as to whether the '086 patent is invalid.

80. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '086 patent is invalid and/or unenforceable.

## EXCEPTIONAL CASE

81. This case is exceptional against Ericsson under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests the following relief:

A. Judgment against Ericsson and in favor of Apple;

B. Dismissal of the First Amended Complaint with prejudice;

C. Denial of all remedies and relief sought by Ericsson in its First Amended Complaint;

D.     A declaration that each and every asserted patent claim is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

E.     A declaration that Apple has not infringed and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim asserted herein;

F.     A permanent injunction preventing Ericsson, including its officers, agents, employees, and all persons acting in concert or participation with Ericsson, from charging that any claim of the Patents-in-Suit is infringed by Apple or its customers;

G.     A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Apple of its costs and attorneys' fees incurred in this action; and

H.     Further relief as the Court may deem just and proper.

Dated: June 3, 2015                    Respectfully submitted,


                                       */s/ Clay C. James, with permission by*
                                       *Michael E. Jones*
                                       Clay C. James
                                       Srecko Vidmar
                                       C. Matthew Rozier
                                       **HOGAN LOVELLS US LLP**
                                       One Tabor Center, Suite 1500
                                       1200 Seventeenth Street
                                       Denver, CO  80202
                                       Telephone: (303) 899-7300
                                       Facsimile: (303) 899-7333
                                       clay.james@hoganlovells.com
                                       lucky.vidmar@hoganlovells.com
                                       matt.rozier@hoganlovells.com

                                       Theodore J. Mlynar
                                       **HOGAN LOVELLS US LLP**
                                       875 Third Avenue
                                       New York, NY 10022
                                       Telephone: (212) 918-3000
                                       Facsimile: (212) 918-3100
                                       ted.mlynar@hoganlovells.com

                                       Michael E. Jones
                                       State Bar No. 10929400
                                       mikejones@potterminton.com
                                       Allen F. Gardner
                                       State Bar No. 24043679
                                       allengardner@potterminton.com
                                       POTTER MINTON, P.C.
                                       A Professional Corporation
                                       110 N. College Ave., Suite 500
                                       Tyler, Texas 75702
                                       Tel: (903) 597-8311
                                       Fax: (903) 593-0846

                                       **ATTORNEYS FOR DEFENDANT**
                                       **APPLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3rd of June, 2015.

*/s/Michael E. Jones*