**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| **ERICSSON INC. and** **TELEFONAKTIEBOLAGET LM** **ERICSSON,** | |
|     **Plaintiffs,** | **CIVIL ACTION NO. 2:15-cv-288** |
|   **v.** | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** | |
|     **Defendant.** | |

**ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON'S ANSWER TO**
**APPLE INC.'S COUNTERCLAIMS TO ERICSSON'S FIRST AMENDED COMPLAINT**

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (singularly or collectively,
"Ericsson") hereby answer the Counterclaims of Defendant Apple Inc. ("Apple") and allege as
follows. Except as where expressly admitted, Ericsson denies Apple's allegations.

**APPLE'S COUNTERCLAIMS**

1.   The allegations in Paragraph 1 assert a statement to which no response is required.
To the extent a response is required, Ericsson denies.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.      Ericsson admits that venue is proper within this district under 28 U.S.C. §§ 1391(b) and (c).  Ericsson denies that venue in this district is not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

## BACKGROUND

8.      Upon information and belief, Ericsson admits that Apple introduced the original iPhone in 2007.  Upon information and belief, Ericsson admits that the original iPhone included a color multi-touch screen, user-interface and applications.  Upon information and belief, Ericsson further admits that the original iPhone was capable of storing and playing music, accessing the internet, and making and receiving phone calls.  Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 8 and therefore denies them.

9.      Upon information and belief, Ericsson admits that Apple introduced the original iPad in 2010.  Upon information and belief, Ericsson admits that the original iPad included a color touch screen and user-interface.  Upon information and belief, Ericsson further admits that the original iPad was capable of storing and playing music.  Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 9 and therefore denies them.

10.     Ericsson lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 10 and therefore denies them.

## FIRST COUNTERCLAIM:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '081 PATENT

11.     The allegations in Paragraph 11 assert a statement to which no response is required.  To the extent a response is required, Ericsson denies.

12.     Denied.

13.      Admitted.

14.      Denied.

15.      Denied

## SECOND COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '081 PATENT

16.      The allegations in Paragraph 16 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

17.      Admitted.

18.      Denied.

19.      Denied.

20.      Denied.

## THIRD COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF NONINFRINGEMENT OF THE '798 PATENT

21.      The allegations in Paragraph 21 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

22.      Denied.

23.      Admitted.

24.      Denied.

25.      Denied

## FOURTH COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '798 PATENT

26.      The allegations in Paragraph 26 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

27.      Admitted.

28.      Denied.

29.     Denied.

30.     Denied.

## FIFTH COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF NONINFRINGEMENT OF THE '770 PATENT

31.     The allegations in Paragraph 31 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

32.     Denied.

33.     Admitted.

34.     Denied.

35.     Denied.

## SIXTH COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '770 PATENT

36.     The allegations in Paragraph 36 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

## SEVENTH COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF NONINFRINGEMENT OF THE '787 PATENT

41.     The allegations in Paragraph 41 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

42.     Denied.

43.     Admitted.

44.     Denied.

45.        Denied.

## EIGHTH COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '787 PATENT

46.        The allegations in Paragraph 46 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

47.        Admitted.

48.        Denied.

49.        Denied.

50.        Denied.

## NINTH COUNTERCLAIM:  DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '430 PATENT

51.        The allegations in Paragraph 51 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

52.        Denied.

53.        Admitted.

54.        Denied.

55.        Denied.

## TENTH COUNTERCLAIM:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '430 PATENT

56.        The allegations in Paragraph 56 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

57.        Admitted.

58.        Denied.

59.        Denied.

60.        Denied.

**ELEVENTH COUNTERCLAIM:  DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF THE '683 PATENT**

61.      The allegations in Paragraph 61 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

62.      Denied.

63.      Admitted.

64.      Denied.

65.      Denied.

**TWELFTH COUNTERCLAIM:  DECLARATORY JUDGMENT
OF INVALIDITY OF THE '683 PATENT**

66.      The allegations in Paragraph 66 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

67.      Admitted.

68.      Denied.

69.      Denied.

70.      Denied.

**THIRTEENTH COUNTERCLAIM:  DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF THE '086 PATENT**

71.      The allegations in Paragraph 71 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

72.      Denied.

73.      Admitted.

74.      Denied.

75.      Denied.

**FOURTEENTH COUNTERCLAIM:  DECLARATORY JUDGMENT
OF INVALIDITY OF THE '086 PATENT**

76.     The allegations in Paragraph 76 assert a statement to which no response is

required.  To the extent a response is required, Ericsson denies.

77.     Admitted.

78.     Denied.

79.     Denied.

80.     Denied.

**EXCEPTIONAL CASE**

81.     Denied.

**PRAYER FOR RELIEF**

Ericsson denies that Apple is entitled to any relief.

**DEMAND FOR JURY TRIAL**

Ericsson hereby demands a trial by jury on all issues so triable.

Dated: June 22, 2015.                    Respectfully submitted,

                                         **MCKOOL SMITH, P.C.**

                                         By: /s/  *Courtland L. Reichman*
                                         Courtland L. Reichman, Lead Attorney
                                         California State Bar No. 268873
                                         creichman@mckoolsmith.com
                                         Jennifer P. Estremera
                                         California State Bar No. 251076
                                         jestremera@mckoolsmith.com
                                         Bahrad A. Sokhansanj
                                         California State Bar No. 285185
                                         bsokhansanj@mckoolsmith.com
                                         Phillip J. Lee
                                         California State Bar No. 263063
                                         plee@mckoolsmith.com
                                         McKool Smith Hennigan
                                         255 Shoreline Drive, Suite 510
                                         Redwood Shores, California 94065
                                         Telephone: (650) 394-1400
                                         Telecopier: (650) 394-1422


                                         Mike McKool, Jr.
                                         Texas State Bar No. 13732100
                                         mmckool@mckoolsmith.com
                                         Douglas A. Cawley
                                         Texas State Bar No. 0403550
                                         dcawley@mckoolsmith.com
                                         Theodore Stevenson, III
                                         Texas State Bar No. 19196650
                                         tstevenson@mckoolsmith.com
                                         300 Crescent Court, Suite 1500
                                         Dallas, Texas  75201
                                         Telephone:  (214) 978-4000
                                         Facsimile:  (214) 978-4044


                                         Samuel F. Baxter
                                         Texas State Bar No. 01938000
                                         sbaxter@mckoolsmith.com
                                         104 E. Houston Street, Suite 300
                                         P.O. Box 0
                                         Marshall, Texas 75670

Telephone: (903) 923-9000
Facsimile: (903) 923-9099


**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per LR 5.1, and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system on June 22, 2015.

/s/ *Jennifer P. Estremera*
Jennifer P. Estremera